**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Enrique AVALOS–BARRIGA, aka, Flaccco; Jose Bautista; Don Vincente; Don Chepe; El Medico; El Doctor; Juan Jose Robles, Defendant–Appellant.**

No. 00–56999.

D.C. No. CV–99–01686–BTM
CR–95–00973–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Oct. 16, 2001.

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

### MEMORANDUM *

Enrique Avalos–Barriga appeals the district court's order denying his petition for habeas corpus filed under 28 U.S.C. § 2255. Specifically, Avalos–Barriga challenges the district court's dismissal of his claims regarding (1) ineffective assistance of counsel at various stages of the proceeding and (2) denial of counsel of his choice. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We affirm.

---

The only issue this court will consider is the claim of ineffective assistance of counsel at trial. The other claims were not included in the district court's certificate of appealability (COA), and Avalos–Barriga did not follow the proper procedures to broaden that COA. Under 28 U.S.C. § 2253(c)(3), a court of appeals has jurisdiction to hear only issues that have been certified in a COA. Under Circuit Rule 22–1(d), a party must file a motion to broaden a COA within thirty-five days of the district court's grant of the COA. Rule 22–1 was in effect when the district court granted the COA as to one issue, but Avalos–Barriga did not follow its procedures. Therefore, we may not consider the claims not included in the original COA.[1]

Avalos–Barriga did not prove that his counsel rendered ineffective assistance at trial. In assessing claims of ineffective assistance of counsel, this circuit follows the two-prong test of *Strickland v. Washington:*[2] A defendant must show deficient performance by counsel that resulted in prejudice. The record establishes that Avalos–Barriga can prove neither prong.

Trial counsel's decisions during trial were reasonable, given his trial strategy and the evidence presented by the Government.[3] Counsel's decision not to try to introduce certain documents prepared by Mexican judges was reasonable. It is unlikely that the documents would have been admitted on their merits because they con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See United States v. Christakis*, 238 F.3d 1164, 1168 n. 5 (9th Cir.2001) (because petitioner failed to file motion for broader certification under Rule 22–1(d), appeal was confined to the sole issue within the original COA).

2. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *Id.* at 689 (to be deficient, counsel's actions must be objectively unreasonable, with a strong presumption that conduct normally falls within the wide range of reasonable professional assistance).

tained inadmissable hearsay, and their impeachment value was minimal.

■ Trial counsel's strategy concerning how to challenge the Government's case was also not deficient. His failure to object to the Government's opening argument was reasonable. There was nothing egregious about the Government referring to Avalos–Barriga as the "kingpin" or "leader" of the drug ring, and lawyers often choose not to object during opening argument. Counsel's method of impeachment was reasonable as well. He attempted to discredit the Government's key witnesses by questioning them about the money and benefits they and their families received in exchange for testifying. His choice in his closing argument to concede Avalos–Barriga's supervision of two individuals was also reasonable because of the amount of evidence linking him to those individuals. There is nothing objectively unreasonable about any of these decisions.

■ Last, counsel's failure to object to the jury instructions was not unreasonable. The language "together with" is not so different from "in concert with" as to make the instructions noticeably incorrect. The instructions regarding the unanimity requirement and the number of people involved appeared consistent with the statutory elements. The jury instructions for the criminal enterprise charge came from the Ninth Circuit pattern jury instructions, which both attorneys agreed to use. Relying on that pattern instruction was not unreasonable.

■ Even assuming there was some deficient conduct, no prejudice resulted. The Government offered ample evidence of guilt, including testimony by witnesses who were former members of the drug ring, numerous wire-tapped telephone conversations, and other seizures of drugs linked to Avalos–Barriga. The jury would almost certainly have found guilt even without any deficient conduct.[4]

Because Avalos–Barriga has failed to show that his attorney's actions were unreasonable and that they resulted in prejudice, we agree with the district court that there was no ineffective assistance of counsel at trial. AFFIRMED.

---

**4.** *Id.* at 694 (to be prejudicial, there must be a reasonable probability that, but for counsel's conduct, the result of the trial would have been different).

